UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * *

Dennis A. Beveridge,

Plaintiff,

vs. MINUTE ORDER

Northwest Airlines, Inc.,

Defendant. Civ. No. 01-1416 (MJD/RLE)

* * * * * * * * * * * * * * * * * * *

At Duluth, in the District of Minnesota, this 29th day of January, 2002.

* * *

On January 29, 2002, the Court heard argument on the Defendant's renewed Motion to Compel responses to its discovery requests to the Plaintiff. At the time of the Hearing, the Defendant appeared by Matthew E. Johnson and Kurt J. Erickson, Esqs., and the Plaintiff appeared by Kyle H. Torvinen, Esq. For reasons expressed at the close of the Hearing, we direct the Plaintiff to provide full discovery responses to the Defendant's Interrogatories numbered 4, 5, 6, 7, 8, and 10, **by no later than February 5, 2002**, together with copies of the documents which respond to Defendant's Requests for Production of Documents;[1] we treat any non-privilege

[1]We make plain our directive that the Plaintiff will be bound by the discovery responses he will provide to the Defendant's by (continued...)

15

FILED JAN 29 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

objections, that the Plaintiff might otherwise have to the Defendant's referenced Interrogatories, as having been waived; and we deny the Defendant's request for a dismissal of the Plaintiff's Complaint, or for an award of $750.00 in attorneys' fees and costs, as sanctions for the Plaintiff's failure to discovery.

In addition, we grant the Defendant's request to take the Plaintiff's deposition, and to complete any related discovery, **by no March 1, 2002**, and we grant the Defendant's request for an extension of its expert disclosure date to **March 15, 2002.** Further, in order to make the pretrial preparation of this action workable, we extend the nondispositive Motion deadline to **April 1, 2002**, and the remaining deadlines, in our Pretrial Order of October 31, 2001, will remain unchanged. We accept, as the Plaintiff proffers, that circumstances, which were not fully within his power to control, have directly delayed his prior discovery responses, but our indulgence has limits, and they now have been reached. We do

---

[1](...continued)
February 5, 2002. The Plaintiff should not make general, oblique reference to documents, in responding to the Defendant's request for specific facts, and, should additional facts be proffered thereafter, which are responsive to the Defendant's discovery requests, which were available to the Plaintiff before his responses were made, and for which the Plaintiff fails to provide justification for their nondisclosure, the Plaintiff will be precluded from offering those facts, or documents, at the time of Trial. The need to timely complete discovery in this action is now paramount.

not regard further monetary, or other dispositive sanctions, to be warranted, but the Plaintiff should accept that continued lethargy in the completion of his discovery obligations will not be tolerated.

NOW, THEREFORE, It is --

ORDERED:

That the Defendant's informal request for an Order compelling discovery, for sanctions, and for other relief [Docket No. 14], is GRANTED in part, and DENIED in part, as more fully explained in the text of this Order.

BY THE COURT:

Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE